**Kerry ATKINSON, Plaintiff—Appellant**

v.

**METROPOLITAN LIFE INSURANCE COMPANY; AT&T Long Term Disability Plan for Management; AT&T Short Term Disability Plan for Management, Defendants—Appellees.**

**No. 06–16026.**

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2008.*

Filed March 19, 2008.

J. Russell Stedman, Esq., Barger & Wolen LLP, San Francisco, CA, for Defendants–Appellees.

Before: NOONAN, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM **

Kerry Atkinson appeals the district court's grant of summary judgment in favor of Metropolitan Life Insurance Com-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pany and AT&T Long Term Disability Plan for Management Employees (collectively, "AT&T"). The court affirmed the denial of Atkinson's claim for disability benefits, which is governed by the Employee Retirement Income. Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

This court reviews the district court's grant of summary judgment de novo. *See Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1471 (9th Cir.1993). The appeal presents two issues: (1) did the district court apply the correct standard of review in affirming AT&T's denial of Atkinson's claim; and (2) should the grant of summary judgment in favor of AT&T be affirmed?

We answer both questions in the affirmative. The district court correctly reviewed AT&T's denial of benefits for abuse of discretion. *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir.2006). Atkinson's argument that the court should have reviewed the denial de novo lacks merit as she has not shown that the administrator "engage[d] in wholesale and flagrant violations of the procedural requirements of ERISA." *Id.* at 971. Nor has Atkinson proven that a low level of deference under the abuse of discretion standard of review is proper because the structural conflict of interest at issue is accompanied by other nefarious factors. Accordingly, the district court correctly reviewed the denial of benefits for abuse of discretion, under which the court may set aside the administrator's discretionary determination only when it is arbitrary and capricious. *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 875 (9th Cir.2004).

It cannot be said that AT&T's denial of Atkinson's claim is arbitrary and capricious. Medical documents submitted by Atkinson indicate that her back pain, which began in 1994, had not become so severe as to preclude her from working at a sedentary job, which her job at AT&T was. Accordingly, the district court correctly granted summary judgment in favor of AT&T.

AFFIRMED.